# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01090-LTB-KLM

GREGORY BIELANSKI, an individual,

      Plaintiff,

v.

COSEL USA INC., a California Corporation,

      Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Upon request of the parties for the entry of a protective order to protect the discovery and dissemination of confidential information or information that will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

3.     Information designated "Confidential" shall be information that is confidential financial, legal or business information and/or trade secrets and implicates common law and/or statutory privacy interests of current or former employees, representatives or agents of Cosel U.S.A., Inc. ("Cosel") or the parent company, affiliated companies, and related companies, vendors, customers, agents, insurers, attorneys, or clients of Cosel, including but not limited to Plaintiff Gregory Bielanski.  Designation of information as Confidential shall not affect its discoverability.  Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.     Confidential documents, materials, and/or information (collectively "Confidential Information") shall not, without the consent of the Party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a)     attorneys actively working on this case;

(b)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)     the Parties, including representatives for Cosel;

(d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)     the Court and/or its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      (g)    deponents, witnesses, or potential witnesses provided all such individuals have executed a copy of the attached Nondisclosure Agreement; and

      (h)    other persons by prior written agreement of all the Parties.

5.    Prior to disclosing any Confidential Information to any person listed in paragraph 4(d), (g) or (h), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form of the attached Nondisclosure Agreement) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel, and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.    Documents are designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "Confidential."

7.    Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.    A Party may object to the designation of information as Confidential by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within fifteen (15) days after the time the notice is received, it shall be the obligation of the Party

designating the information as Confidential to ~~comply with~~ *address the issue through* Magistrate Judge Mix's discovery   KLM

procedures so that the Court can determine whether the disputed information should be subject to

the terms of this Protective Order.

9.    At the conclusion of this case, each document and all copies thereof which have

been designated as Confidential shall be returned to the Party that designated it Confidential, or

the Parties may elect to destroy Confidential documents at the conclusion of the time required by

the rules governing attorneys for maintenance of such documents.  Where the Parties agree to

destroy Confidential documents, the destroying Party shall provide upon request of the designating

party an affidavit confirming the destruction.

10.   In the event a party intends to restrict public access to documents filed in Court that

contain Confidential Information, that party shall comply with D.C.COLO.LCivR 7.2.

11.   This Protective Order may be modified by the Court at any time for good cause

shown following notice to all Parties and an opportunity for them to be heard.

SO ORDERED this __20th__ day of __July__, 2015.

BY THE COURT:

_____

4

STIPULATED TO AND APPROVED AS TO FORM this 6th day of July, 2015.

/s/ Andrew E. Swan
Michael Dickson Kuhn
Paul Forrest Lewis
Andrew Edward Swan
LEWIS | KUHN | SWAN PC
620 North Tejon Street
Suite 101
Colorado Springs, CO 80903
(719) 694-3000
mkuhn@lewiskuhnswan.com
plewis@lewiskuhnswan.com
aswan@lewiskuhnswan.com

Attorneys for Plaintiff

/s/ Ann C. Purvis
Meghan W. Martinez
Ann C. Purvis
MARTINEZ LAW GROUP, P.C.
720 S. Colorado Blvd., Suite 1020-S
Denver, CO 80246
(303) 597-4000
martinez@mlgrouppc.com
purvis@mlgrouppc.com

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01090-LTB-KLM

GREGORY BIELANSKI, an individual,

      Plaintiff,

v.

COSEL USA INC., a California Corporation,

      Defendant.

---

## NONDISCLOSURE AGREEMENT

---

STATE OF _____ )
                          )   ss.
COUNTY OF _____ )

      1.    My name is _____. My business affiliation is _____, and my title, if any, is _____.

      2.    I reside at _____, and my home telephone number is (___) ____-_____. My business address and telephone number are _____, (___) ___-_____.

      3.    I am aware that a Protective Order has been entered in *Gregory Bielanski v. Cosel USA Inc.*, Civil Action No. 15-cv-01090-LTB-KLM, now pending in the United States District Court for the District of Colorado. A copy of that Protective Order has been given to me, and I have read and understand the terms of the Protective Order.

      4.    I promise that any document marked "Confidential" or marked as containing Confidential Information will be used by me only in connection with assisting the Parties or their counsel in preparing for the resolution of the above-referenced litigation.

      5.    I promise that I will not disclose or discuss such Confidential documents or Confidential Information with any person other than the Parties to this action, their respective attorneys, members of their attorneys' staff, or in consultation with expert witnesses retained by any Party.

6.      I understand that any use of Confidential Information obtained by me that is subject to the Protective Order or any portions or summaries thereof in any manner contrary to the provisions of the Protective Order or this Nondisclosure Agreement may subject me to the summary sanctions of the Court for contempt.

_____          By:      _____
DATE                                                      Title (if applicable): _____


            SUBSCRIBED AND SWORN to before me this _____ day of _____, 2015,
by_____.

        [SEAL]


                                                        _____
                                                        Notary Public

My Commission Expires: _____


7